IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LONE STAR GUN RIGHTS, JUSTIN DELOSH, & JASON DAVIS, PLAINTIFFS, | § § § § | |
| V. | § § | CAUSE NO. 1:19-CV-521-LY |
| REPRESENTATIVE DENNIS BONNEN, DEFENDANT. | § § § | |

## ORDER

Before the court are Defendant Dennis Bonnen's Motion to Dismiss filed June 5, 2019 (Doc. #5); Plaintiffs' Response in Opposition to Defendant's R. 12(b)(6) Motion to Dismiss filed June 19, 2019 (Doc. #6); Defendant Dennis Bonnen's Reply in Support of Motion to Dismiss filed June 26, 2019 (Doc. #7); and Plaintiffs' Sur-Reply in Opposition to Defendant's R. 12(b)(6) Motion to Dismiss filed July 1, 2019 (Doc. #13). On September 17, 2019, the court conducted a hearing on the motion to dismiss, at which counsel for both parties appeared and presented argument. Having considered the motion, response, replies, arguments of counsel, and applicable law, the court concludes that the motion should be denied for the reasons to follow.

## I. BACKGROUND

Pursuant to Plaintiffs' Original Complaint, this case involves "an electorate's right to view and participate on the social media pages of their elected official when the official creates interactive webpages for that purpose." *See Knight First Amend. Inst. at Colum. Univ. v. Trump*, 302 F. Supp. 3d 541, 573 (S.D.N.Y. 2018). Plaintiffs allege that they have been blocked from participating in Defendant Texas Legislator Dennis Bonnen's public Facebook Page because Bonnen disapproves of Plaintiffs' politics.

Plaintiff Lone Star Gun Rights ("Lone Star") is a pro-gun advocacy organization established in 2014, focusing on gun-related legislation. Lone Star provides training on how to effectively advocate for particular bills, informs people of legislation that may affect gun rights, and informs people how elected officials view certain gun-related bills. Lone Star also circulates surveys to elected officials to gauge their support for bills that affect gun rights.

Plaintiff Justin Delosh is a cofounder and Legislative Director for Lone Star. In 2016 and 2018, Delosh circulated surveys to all Republican candidates running for a House seat in the Texas Legislature. Questions on that survey included whether the candidate supported the Constitutional Carry bill, and whether he or she would oppose laws that would in any way restrict the right to possess a firearm. Lone Star published the survey results online in 2016.

Bonnen has a Facebook page, identified a "Dennis Bonnen, State Representative – District 25." Bonnen's Facebook Page can be accessed by anyone, including those who do not have a Facebook account of their own. Plaintiffs allege that Bonnen runs his page as a medium of Texas Legislature related information for anyone who wishes to follow it, and that Bonnen provides legislative updates, as well as answering and interacting with those who comment on those political posts. Plaintiffs assert that Bonnen's Facebook Page is not a personal account, but rather that it is a Page similar to that of a business, organization, or celebrity which is public for all Facebook users to follow.

Before Delosh communicated to Bonnen through Facebook about the Lone Star survey, Plaintiffs allege that Delosh had full access to Bonnen's Facebook Page, that he could see all posts and publicly available comments, and that he could express approval or disapproval of a post on Bonnen's Facebook page by liking or disliking it. Plaintiffs assert that after Delosh reached out to

2

Bonnen about his receipt of the Lone Star survey, Delosh was blocked from Bonnen's Page. Delosh could share Bonnen's posts, but he could not view the comments, post his own comments, or express his approval or disapproval of any of Bonnen's posts.

Plaintiffs contend that Bonnen has likewise blocked Plaintiff Jason Davis from Bonnen's Facebook Page. Before being blocked, Davis communicated with Bonnen through both email and Facebook to espouse his concerns about property taxes, equal parenting laws, and child support laws. On or before January 29, 2019, Davis attempted to post on Bonnen's Facebook Page to ask Bonnen questions about Bonnen's statements against his political opponent, only to discover that he was blocked from posting.

Plaintiffs further contend that other Lone Star-related individuals who have administrative controls over the Lone Star Facebook Page also have been blocked from Bonnen's Facebook Page, including Senior Editor Derek Wills. Plaintiffs alleged that after Bonnen was elected Speaker of the House, Wills commented on Bonnen's Facebook Page, calling for the prioritization of the Constitutional Carry bill. On or about April 2, 2019, after Wills commented on Bonnen's Facebook Page, Plaintiffs allege that Wills discovered that his access to Bonnen's Page changed to only him share Bonnen's posts. Wills's ability to react and comment was blocked. Because Wills is an administrator for the Lone Star Facebook Page, he was also unable to do the same while interacting as Lone Star on Facebook.

Following Wills's ban from Bonnen's Facebook Page, Plaintiffs allege that Bonnen began posting specifically about Lone Star on Bonnen's Facebook Page. Specifically. On April 28, 2019, Bonnen posted that "fringe gun activists" were harassing him and leveling death threats against him, and he included a screen shot of an Lone Star's Facebook post that voiced support of the

organization's philosophical and political views on the right to bear arms. Plaintiffs assert that Bonnen also spread negative misinformation about the contents of the Constitutional Carry bill. Lone Star agents were unable to refute his statements directly on Bonnen's Page so that the people who follow Bonnen could view their responses.

Plaintiffs further allege that on April 6, 2019, Bonnen indicated in a post on his Facebook Page that the Constitutional Carry bill would allow convicted criminals to legally carry a handgun. Bonnen also stated on in his April 28, 2019 Facebook post that Lone Star is pushing for "legislation that would allow anyone – including criminals – to carry a gun without a license and proper safety training," alluding to the Constitutional Carry bill.

In his motion to dismiss, Bonnen asserts that the Facebook Page at issue in this case is his personal campaign Page. Bonnen contends that the Page is not administered or controlled by the State of Texas, the Texas House of Representatives, or the Office of the Speaker of the House of Representative–it is only administered and controlled by Bonnen's campaign for the purposes of campaigning for office. Bonnen argues that he cannot be compelled to sponsor all speech–even that of political opponents and persons who wish to post offensive and uncivil comments–on his personal campaign Facebook Page. Therefore, Bonnen asserts, Plaintiffs' claims must be dismissed because Bonnen has no obligation to allow any particular person to post or comment on his personal campaign Facebook Page. Bonnen further argues that simply because he is also the Speaker of the Texas House of Representatives does not mean that he acts in his official governmental capacity with respect to every action he takes and every presence he undertakes on a social media website such as Facebook, and that his control of his personal campaign Facebook Page does not and cannot implicate the First Amendment rights of any other person as a matter of law.

Plaintiffs' response to the motion to dismiss tracks *Knight First Amendment Institute at Columbia v. Trump*, 928 F.3d 266 (2d Cir. 2019), in which the Second Circuit affirmed the district court's granting summary judgment in part in favor of Plaintiffs on their First Amendment claim challenging the President's blocking of individual users from the President's Twitter account. The Second Circuit states in it opinion,

> Of course, not every social media account operated by a public official is a government account. Whether First Amendment concerns are triggered when a public official uses his account in ways that differ from those presented on this appeal will in most instances be a fact–specific inquiry. The outcome of that inquiry will be informed by how the official describes and uses the account; to whom features of the account are made available; and how others, including government officials and agencies, regard and treat the account.

*Trump*, 928 F.3d at 236.

Plaintiffs assert that Bonnen uses his Facebook Page as an elected official to communicate official messages from the Texas State Capitol, whether or not he calls it his personal campaign Facebook Page. Plaintiffs argue in the alternative that even if there is a bona fide dispute as to whether Bonnen's Facebook Page is "Representative Bonnen's Page" or "Candidate Bonnen's Page," a final analysis on the merits cannot be undertaken without further discovery. Therefore, Plaintiffs' argue, dismissal of the cause of action at this point in the litigation is not appropriate.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

### III. ANALYSIS

Plaintiffs' complaint alleges that Bonnen engaged in viewpoint-based discrimination and censorship of Plaintiffs' speech about matters of public concern in a public forum, violating Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and seeking declaratory judgment and injunctive relief against Bonnen pursuant to Sections 1983 and 1988 of Title 42 of the United States Code and Sect 2201 of Title 28 of the United States Code. To state a claim under Section 1983, Plaintiffs pleaded facts must allow the court to draw a reasonable inference that Plaintiffs were deprived of a right secured by the United States Constitution, and that the deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiffs assert that alleging that one has been blocked from commenting on a public Facebook Page or that one's comments have been deleted from a public Facebook Page sufficiently raises a First Amendment violation. *Robinson v. Hunt County, Texas*, 921 F.3d 440 (5th Cir. 2019).

In response, Bonnen argues that to state a First Amendment claim based on exclusion of speech from Bonnen's Facebook Page, Plaintiffs must rely on Bonnen acting in a governmental capacity, as opposed to a private or individual capacity, in sponsoring such Facebook Page. Bonnen asserts that he has acted in his individual capacity as a candidate for office sponsoring a campaign page, and that nothing on his Facebook Page indicates otherwise. Bonnen argues that at the pleading stage there must be something that designates or acknowledges governmental purpose, and Bonnen asserts that Plaintiffs can point to nothing that demonstrates Bonnen's personal campaign Facebook Page is sponsored by or controlled by the government of the State of Texas.

Taking all the factual allegations in the complaint as true, the Plaintiffs' complaint alleges that Bonnen used his Facebook Page while he was in Austin, Texas as a serving as a Texas Legislator to post pictures and updates of himself and his work at the Texas State Capitol in 2019, and that Bonnen made decisions and executed decisions about who would be blocked from this Facebook Page while he was working at the Texas State Capitol. Bonnen's Facebook Page has been set up similarly to that of a business, organization, or celebrity, all of which are public for all Facebook users to follow. The attached exhibits to the complaint, which the court may consider, support Plaintiffs' statements of fact regarding Bonnen's use of his Facebook Page to provide legislative news updates, as well as to answer and interact with those who comment on his posts. Strictly applying the *Iqbal* standard that a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, 556 U.S. at 677, the court finds that Plaintiffs' factual allegations are "enough to raise a right to relief above the speculative level" sufficient to survive a motion to dismiss at this time. *Twombly*, 550 U.S. at 555; *Cuvillier*, 503 F.3d at 401. Outright dismissal is permited only when proceeding to discovery or beyond would be futile. *Twombly*, 550

U.S. at 577. If a plaintiff states a claim that, if true, would entitle him to relief, matters of proof are appropriately relegated to other stages of the trial process. *Id.* Therefore, the court will deny Bonnen's motion to dismiss Plaintiffs' claims.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Dennis Bonnen's Motion to Dismiss filed June 5, 2019 (Doc. #5) is **DENIED**.

**IT IS FURTHER ORDERED** that all discovery is **STAYED** pending further order of the court.

**IT IS FINALLY ORDERED** the parties shall meet and confer and submit a discovery plan to the court **on or before March 22, 2020**.

SIGNED this 3rd day of February, 2019.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE