IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 APR 29 PM 3: 20

| | | |
|---|---|---|
| LONE STAR GUN RIGHTS, JUSTIN DELOSH, & JASON DAVIS, <br> PLAINTIFFS, <br><br> V. <br><br> REPRESENTATIVE DENNIS BONNEN <br> DEFENDANT. | § § § § § § § § § | <br><br><br><br> CAUSE NO. 1:19-CV-00521-LY |

**ORDER**

Before the court are Defendant Representative Dennis Bonnen's ("Bonnen") Rule 56 Motion to Dismiss for Mootness or, in the Alternative, Motion to Stay filed March 11, 2020 (Doc. #18); Plaintiff Lone Star Gun Rights, Justin Delosh, & Jason Davis's (collectively referred to as "Lone Star") Response to Defendant's Motion to Dismiss or Stay filed April 15, 2020 (Doc. #22); and Bonnen's Reply in Support of Rule 56 Motion to Dismiss for Mootness or, in the alternative, Motion to Stay filed April 21, 2020 (Doc. #23). Having considered the motion, response, and reply, along with the applicable law, the court is of the opinion that the motion to dismiss should be converted to a motion for summary judgment and granted for the reasons to follow.

## I. BACKGROUND

Lone Star is a pro-gun advocacy organization. Lone Star alleges that Bonnen, in his official capacity, violated the First and Fourteenth Amendments to the United States Constitution by "engaging in viewpoint-based discrimination and censorship" of speech by blocking comments on Bonnen's Facebook page. Bonnen contends that the Facebook page in question is a personal campaign page not operated in his official capacity; therefore, blocking comments from specific users does not violate Lone Star's constitutional rights. The court previously denied Bonnen's

motion to dismiss for failure to state a claim (Doc. #17). Bonnen later announced that he was not seeking reelection in 2020 and ceased regulating comments on the Facebook page at issue. Bonnen now files this motion to dismiss seeking to dismiss this action as moot.

## II. STANDARD OF REVIEW

A district court may convert motions to dismiss into motions for summary judgment where matters outside the pleadings are presented for the court's consideration. *See General Guaranty Ins. v. Parkerson*, 369 F.2d 821, 823 (5th. Cir. 1966). The court may take the pleadings together with matters outside the pleadings presented to the court and treat the motion to dismiss for failure to state a claim as a motion for summary judgment under Federal Rule of Civil Procedure 12(d). *Id.* Accordingly, the court hereby **CONVERTS** Bonnen's motion to dismiss to a motion for summary judgment in order to allow the court to consider matters outside the pleadings that are pertinent to the motion.

Summary judgment is proper where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citations omitted).

An issue regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual

record in the light most favorable to the nonmoving party, and all doubts are to be resolved in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Burch v. City of Nacogdoches,* 174 F.3d 615, 619 (5th Cir. 1999); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

### III. ANALYSIS

Bonnen contends that two intervening factors render this case moot. The first is that Bonnen is not running for reelection in 2020 and therefore will cease serving as a governmental official as of January 12, 2021. The second is that Bonnen has ceased regulating comments on the Facebook page at issue in this case. Bonnen asserts that these factors render the case moot, if not now, at the very least on January 12, 2021. Lone Star does not dispute that the case will be moot when Bonnen is no longer an elected official. Therefore, Bonnen argues his motion is appropriate.

Lone Star contends that the case is not moot for two reasons, and therefore the motion should be denied. The first is that Bonnen lifted the comment restrictions on his Facebook Page as a litigation strategy only and should not be allowed to moot the case by such tactics. The second is that Bonnen remains an elected official until January 12, 2021, so the case will not be moot until that date.

Both Bonnen and Lone Star rely upon *Sossoman v. Lone Start State of Tex.* as either controlling or distinguishable from this case. 560 F.3d 316 (5th. Cir. 2009). Bonnen argues that under *Sossoman*, he is afforded a presumption of good faith because he is a public servant and not a self-interested private party. *See id.* at 325. Lone Star contends that because Bonnen alleges the

Facebook page is a personal campaign page and not an official governmental page, *Sossoman* does not apply. Lone Star also asserts that *Sossoman* is distinguishable even if the Facebook page were an official governmental page because Bonnen did not make a government-wide declaration of the new policy of not restricting comments.

The court concludes that whether the Facebook page is a private page or governmental page, the case is moot because there remains no controversy between the parties. Bonnen has cured the injuries Lone Star asserts in its complaint. Bonnen filed a signed affidavit with the court that he does not intend to reinstate comment restrictions against Lone Star on the Facebook page. The court takes Bonnen at his word and finds that even if *Sossoman* is inapplicable to this case as Lone Star contends, Bonnen has met his burden to show that his conduct will not recur. *Id.* at 325 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000)).

Lone Star also requests an award of court costs, expenses, and attorney's fees. The court has discretion in granting awards for fees. 42 U.S.C. § 1988(b). Having considered Lone Star's argument, the court will deny the request. The court finds that Bonnen's motion is driven substantially by the fact that he is not running for reelection and will cease being a government official in January 2021. The court concludes there is no prevailing party in this case.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Representative Dennis Bonnen's Rule 56 Motion to Dismiss for Mootness or, in the Alternative, Motion to Stay, considered as a motion for summary judgment, (Doc. #18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Lone Star Gun Rights, Justin Delosh, & Jason Davis's claims against Defendant Representative Dennis Bonnen are **DISMISSED AS MOOT.**

**IT IS FINALLY ORDERED** that Plaintiff Lone Star Gun Rights, Justin Delosh, & Jason Davis's request for an award of court costs, expenses, and attorney's fees is **DENIED**. The parties shall bear their own costs, attorney's fees, and expenses.

SIGNED this 29th day of April, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE